**MELTON TRUCK LINES, INC.,
et al., Appellants,**

v.

**GREGG COUNTY APPRAISAL DISTRICT and Gregg County Appraisal Review Board, Appellees.**

No. 06–93–00029–CV.

Court of Appeals of Texas,
Texarkana.

Oct. 5, 1993.

Guy N. Harrison, Longview, for appellants.

R. Douglas Muir, Eskew, Muir & Bednar, Austin, Earl Roberts, Jr., Roberts, Hill & Calk, Longview, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Melton Truck Lines, Inc. appeals from a district court judgment affirming the Gregg County Appraisal Review Board's decision that Melton's trucks are subject to ad valorem taxation in Gregg County. Melton contends that because its corporate principal office is in Shreveport, Louisiana, and its trucks are not located in Gregg County, the judgment is erroneous. We disagree and will affirm the judgment.

There was no testimony. The parties stipulated to the following facts, among others: The trucks were owned, leased to, or operated by Melton at all relevant times; Melton is a foreign corporation whose principal place of business is in Shreveport, Louisiana; Melton registered the trucks for proportional registration in Gregg County pursuant to the International Registration Plan; the trucks were used in interstate commerce, continual-

ly traveling in and through Gregg County; and the trucks were not located in Gregg County for more than a temporary period and were not normally returned to Gregg County after being used elsewhere.

■ Motor vehicles continually traveling on the highways of Texas, whether regularly or irregularly, are taxable in this state. TEX. TAX CODE ANN. § 11.01(c)(3) (Vernon 1992); *Greyhound Lines, Inc. v. Board of Equalization,* 419 S.W.2d 345 (Tex.1967). The tax situs for such property is prescribed by TEX. TAX CODE ANN. § 21.02 (Vernon 1992), which reads as follows:

Except as provided by Sections 21.021, 21.04, and 21.05 of this code, tangible personal property is taxable by a taxing unit if:

(1) it is located in the unit on January 1 for more than a temporary period;

(2) it normally is located in the unit, even though it is outside the unit on January 1, if it is outside the unit only temporarily;

(3) it normally is returned to the unit between uses elsewhere and is not located in any one place for more than a temporary period; or

(4) the owner resides (for property not used for business purposes) or maintains his principal place of business in this state (for property used for business purposes) in the unit and the property is taxable in this state but does not have a taxable situs pursuant to Subdivisions (1) through (3) of this section.

Thus, if the property normally is neither located in the taxing unit nor returned to the unit between uses elsewhere, it is taxable by a taxing unit of this state if the owner resides in the taxing unit or maintains its principal place of business *in this state* in the taxing unit.

■ The parties concede that if the trucks in question are taxable in Gregg County, it must be pursuant to Subsection 4 of Section 21.02. Melton contends that, since its corporate principal place of business is indisputably in Shreveport, Louisiana, it does not come within Subsection 4. We cannot accept that proposition. "Principal place of business," as used in Section 21.02(4), does not mean the corporation's domicile, its corporate headquarters, or its main place of business, wherever located. It means the corporation's "principal place of business *in this state*" that is located in the taxing unit. If the Legislature had meant to refer to the corporation's domicile or its principal place of business wherever located, it would not have used the phrase "in this state" after the term "principal place of business." Instead, it would have used only "principal place of business *in the unit.*" This interpretation is consistent with the Supreme Court's holding in *Greyhound Lines, Inc. v. Board of Equalization, supra.*

■ Melton argues, however, that it has no principal place of business in Gregg County, so even under our construction of Section 21.02(4), its trucks are not taxable in Gregg County. The stipulated evidence belies that argument.

Melton registered its trucks in Gregg County pursuant to the International Registration Plan. *See* TEX.REV.CIV.STAT.ANN. art. 6675a–16 (Vernon Supp.1993). That plan, which was in evidence, provides that an applicant for proportional registration in a state shall file a uniform application therefor with the taxing authority in the applicant's base jurisdiction. AMERICAN ASSOCIATION OF MOTOR VEHICLE ADMINISTRATORS, INTERNATIONAL REGISTRATION PLAN ¶ IV(4)(1) (1984). Base jurisdiction is defined in the International Registration Plan as "the jurisdiction where the registrant has an established place of business, . . . ." AMERICAN ASSOCIATION OF MOTOR VEHICLE ADMINISTRATORS, INTERNATIONAL REGISTRATION PLAN ¶ II(F)(1) (1984). Thus, the evidence shows that Melton has an established place of business in Gregg County. The evidence does not show any other place of business for Melton in the state of Texas, so its "principal place of business in this state," under this record, is Gregg County.

■ Melton also contends that the taxation of its trucks in Gregg County is an unconstitutional restriction on interstate commerce.

To be valid under the Commerce Clause of the United States Constitution, a tax on property used in interstate commerce must (1) be applied to an activity having a substantial nexus to the taxing state; (2) be fairly apportioned to activities carried on by the taxpayer within the state; (3) not discriminate against interstate commerce; and (4) be fairly related to services provided by the state. *Complete Auto Transit, Inc. v. Brady,* 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977); *Harris County v. Transamerica Container,* 821 S.W.2d 637, 638 (Tex.App.—Houston [1st Dist.] 1991, no writ).

Melton bases its claim of unconstitutionality only on its contention that there is no substantial nexus to the taxing state or county because the tax has no relationship to any services provided by Gregg County or the State of Texas to the property in question. We disagree. The stipulations show that Melton's trucks avail themselves of the roads and highways of the State of Texas and Gregg County, thus enjoying the benefits and protections provided by those governments. That is a sufficient nexus. Additionally, the tax in question here is duly apportioned, and there is no evidence that it discriminates against interstate commerce.

The district court properly concluded that the vehicles in question have a tax situs in Texas in Gregg County. The judgment is therefore correct, and it is affirmed.